*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

<u>**ENTRY ORDER**</u>

SUPREME COURT DOCKET NO. 2012-362

APRIL TERM, 2014

| | | |
|---|---|---|
| Lisa Mangini | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Windsor Unit, |
| v. | } | Family Division |
| | } | |
| | } | |
| Richard E. Hardie | } | DOCKET NO. 67-2-08 Wrdm |

Trial Judge: William D. Cohen

In the above-entitled cause, the Clerk will enter:

Wife appeals a final divorce order issued by the family division of the superior court, arguing that the court abused its discretion by inequitably dividing the marital property and by not awarding her maintenance. We reverse and remand the matter for the court to reconsider the property distribution and maintenance.

The parties married in 2001, when wife was in her early forties and husband in his late forties. No children were born of the marriage. The parties separated in 2007, when wife moved into what had had been the parties' vacation home in Weathersfield, Vermont, which husband purchased in 2002. What had been the marital home is located in New Jersey.

The Weathersfield property has been the subject of other legal proceedings. Husband refinanced the property on three occasions, the last in 2008. In her February 2008 divorce filing, wife claimed the property as her primary residence and asked the court to award it to her free and clear of any encumbrances. In January 2011, the mortgagee commenced a foreclosure action on the property, naming only husband as a defendant. Despite not being named in the action, wife filed an answer and affirmative defense claiming that she had established a homestead interest in the property before husband had refinanced it in 2008, thereby making the 2008 mortgage inoperative to convey her homestead interest. The mortgagee responded that wife did not have a homestead interest in the property because she possessed neither a legal nor an equitable title to the property. The civil division of the superior court granted summary judgment to wife, and husband appealed. We recently reversed that decision, concluding that wife had no legal or equitable title to, and therefore no homestead interest in, the property. See <u>Brattleboro Savings & Loan Ass'n v. Hardie</u>, 2014 VT 26, ¶¶ 17, 19.

Meanwhile, on May 20, 2011, following a March 17, 2011 hearing, the family division of the superior court made brief oral findings and conclusions in support of its final divorce order. The court first concluded that, although wife was entitled to approximately $15,000 in maintenance arrearages based on a temporary order requiring husband to pay wife $2500 per

month in maintenance, it would not award ongoing maintenance beyond June 2011. In so ruling, the court noted the parties' high standard of living during the marriage, husband's reduced income, wife's minimal efforts to obtain work during the previous two years, and wife's employability. In making these general findings, the court did not specify the income or expenses for either party so as to enable this Court to evaluate whether the court acted within its broad discretion in declining to award maintenance.

Regarding the property division, the family court explained what property it was awarding to whom, but provided no reasoning for its decision and did not indicate the statutory factors upon which it was basing its decision. Essentially, apart from personal property, the court awarded wife the Weathersfield property and husband the rest of the marital estate, including the marital home and other real property, as well as his entire retirement account. Regarding the Weathersfield property, the court made wife responsible for all debts and encumbrances associated with the property.

The ensuing July 1, 2011 final judgment order, which was prepared by husband's attorney, contained no findings or conclusions, but confirmed the court's decision from the bench. The order awarded wife the Weathersfield property free and clear of any interest by husband but subject to all debt associated with the property, including the 2008 mortgage. Wife was ordered to indemnify husband against any debt from the property and to refinance the property within six months so as to remove defendant's name from the existing mortgage.

On August 31, 2012, in response to post-judgment motions from both parties, the court confirmed that it had intended to award wife the Weathersfield property subject to the 2008 mortgage and promissory note. The court noted that wife knew the property was "underwater," but nonetheless wanted to live there and save the house from foreclosure "because she felt (correctly) that she had a reasonable defense to the foreclosure proceedings. In other words, [wife] asked for the risk, because she saw the potential benefits." The court further explained as follows:

> As a result, the court agreed to "award" [wife] the house, along with the accompanying note and mortgage, thus assigning to [wife] the benefits and risks of her choice. It was then up to [wife] to see what she could do in terms of defending against the pending foreclosure action (she was successful) and refinancing the debt obligation (success to be determined). The court notes that [wife] is not without leverage in the refinancing negotiations: she holds title to a house free and clear, and the bank is holding unsecured debt. In the final analysis, the court is persuaded that the equitable reasons that justified the award of the house to [wife] in the first instance (along with the accompanying note and mortgage) remain intact.

Wife appeals, arguing that the family court abused its discretion: (1) by inequitably dividing the marital property, not awarding her maintenance, and failing to make adequate findings to support its decision; (2) by requiring her to assume the note and mortgage obligations on the Weathersfield property; and (3) by requiring her to indemnify husband against obligations associated with that property. Husband responds that the court's property division and refusal to award maintenance was within its discretion, given the relatively short, childless marriage and

2

the fact that virtually all of the martial assets were either brought into the marriage by him or earned by him during the marriage.

We conclude that the matter must be remanded for the family court to reconsider the property division and maintenance not only because of its failure to explain a highly unequal distribution of marital property but also to take account of this Court's recent decision concluding that wife cannot avoid the 2008 mortgage based on her claimed homestead exemption. In distributing the marital property, the court made few findings, did not consider the statutory factors set forth in 15 V.S.A. § 751, and provided no rational for its decision. For this reason alone, its decision must be reversed. Dreves v. Dreves, 160 Vt. 330, 333 (1993) (stating that family court's discretion in distributing marital property is not unlimited, and thus court's findings must provide clear statement of what was decided and why). The court did not account for the parties' total assets, or acknowledge what percentage of those assets is going to wife, let alone provide an explanation for its property division. Wife contends, and husband does not dispute, that the court awarded husband at least ninety percent of the marital estate. Given this apparent disparity in the respective awards, it was particularly critical for the court to explain its rationale for the unequal distribution. Wade v. Wade, 2005 VT 72, ¶ 20, 178 Vt. 189 (stating that large disparity in property division requires careful examination of evidence and findings "to assure that the family court made adequate findings and acted within its wide discretion in awarding one spouse the vast majority of the marital assets"); Dreves, 160 Vt. at 335 (stating that "our need for some understanding of the trial court's rationale is paramount" when there is significant disparity in property award); Daitchman v. Daitchman, 145 Vt. 145, 150 (1984) (stating that significantly unequal property award justifies closer look to ensure legislatively mandated equitable division of property pursuant to statutory factors). Husband contends that the distribution is fair because he brought in or earned the vast majority of those assets, but the family court did not explicitly rely upon this rationale in making its decision.

Rather, as indicated above, the court appears to have awarded wife the marital home under the assumption—or at least presumed likelihood—that she ultimately would obtain the property free and clear of the 2008 mortgage. As the court stated, it was assigning her the risks or benefits of the property, depending on how the legal proceedings concerning the property were resolved. In short, wife would get either the lady or the tiger, and, as it turned out, she got the tiger, resulting in husband receiving ninety-plus percent of the marital assets. Because the civil division of the superior court had already granted wife summary judgment on her homestead exemption claim—a ruling that the family court deemed correct but that we reversed on appeal—the family court may have assumed that wife would receive a much larger portion of the marital estate than she wound up receiving. In any event, we decline to uphold a property distribution in which a principal part of the marital estate is not valued with any precision.

In light of our rejection of wife's homestead exemption claim, the family court on remand may establish the actual value of the mortgaged Weathersfield property at the time of the parties' divorce, reconsider the division of marital property, and make findings and conclusions that explain its rationale based on the relevant statutory factors. Because we are reversing its property award, the court must also reconsider maintenance in light of the new division of marital property. See Harris v. Harris, 162 Vt. 174, 185 (1994) (declining to consider family court's refusal to award maintenance because court would have to reconsider maintenance in light of reversal of property division); Dreves, 160 Vt. 330, 335 (stating that where property division is reversed, maintenance ruling should also be reexamined because of interrelationship between property and maintenance awards). In sum, while we do not disturb the family court's

decree of divorce and award of maintenance arrears to wife, we reverse its rulings on property division and ongoing maintenance.

Reversed and remanded.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Geoffrey W. Crawford, Associate Justice

4